UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID LEONARDO, R66123,

    Petitioner,

        v.

RANDY PFISTER, Warden, Pontiac
Correctional Center,

    Respondent.

No. 14 C 7448
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Petitioner David Leonardo is incarcerated at the Pontiac Correctional Center in Pontiac, Illinois, where he is in the custody of Defendant Warden Randy Pfister. Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2014. The case is presently before the Court on Respondent's motion to dismiss on the grounds that this petition is time–barred. For the following reasons, I grant Respondent's motion to dismiss and deny Petitioner's request for a certificate of appealability.

## BACKGROUND

Petitioner was sentenced to sixty years after a Cook County jury convicted him of first-degree murder in 2007. *See People v. Leonardo*, No. 05 C4 40458 (Cook Cnty. Cir. Ct.). Petitioner appealed, and the state appellate court affirmed on May 14, 2010. *See People v. Leonardo*, No. 1-07-3072 (Ill. App. Ct. 2010). Petitioner then filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on January 26, 2011. *See* Order denying PLA, *People v. Leonardo*, No. 110461 (Ill. 2011). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

Petitioner filed a postconviction petition pursuant to Illinois's Post-Conviction Hearing

1

Act, 725 ILCS 5/122-1, *et seq.*, on October 27, 2011. The state trial court dismissed the petition on January 20, 2012. Petitioner appealed, and on March 15, 2013, the state appellate court affirmed. *People v. Leonardo*, 2013 IL App (1st) 120287-U. Petitioner filed a PLA, which the Illinois Supreme Court denied on September 25, 2013. *See* Order denying PLA, *People v. Leonardo*, No. 115926 (Ill. 2013). Petitioner filed this Section 2254 petition on September 24, 2014.

## DISCUSSION

I. **Respondent's Motion to Dismiss Petitioner's § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1), habeas petitions are untimely if they are filed more than one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court after the Illinois Supreme Court denied his direct appeal PLA on January 26, 2011. Therefore, his conviction became final on April 26, 2011, ninety days after the Illinois Supreme Court denied his direct appeal PLA, when the time for seeking certiorari review expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009).

The one-year limitations period, however, is tolled during the pendency of a "properly filed" application for postconviction relief. *See* 28 U.S.C. § 2244(d)(2); *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The tolling period began when Petitioner filed a state postconviction petition on October 27, 2011. Between April 26, 2011, when Petitioner's conviction became final, and October 27, 2011, when he filed his state postconviction petition, 182 untolled days elapsed.

Petitioner's state postconviction petition remained pending, and thus tolled the limitations period, until September 25, 2013, when the Illinois Supreme Court denied

Petitioner's postconviction PLA. Thereafter, the limitations period was not tolled during the ninety-day period in which Petitioner could have filed, but did not file, a petition for a writ of certiorari in the United States Supreme Court following the denial of his postconviction PLA. *Gildon v. Bowen*, 384 F.3d 883, 885-86 (7th Cir. 2004); *see also Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007) (petition for writ of certiorari filed after state postconviction review process does not toll the one-year statute of limitations under Section 2244(d)(2)); *Taylor v. Michael*, 724 F.3d 806, 808 (7th Cir. 2013) (same).

Between September 25, 2013, when the Illinois Supreme Court denied Petitioner's postconviction PLA, and September 24, 2014, when Petitioner filed this Section 2254 petition, 364 untolled days elapsed. In total, therefore, 546 untolled days elapsed before Petitioner filed this petition: 182 days between the date his conviction became final and the date he filed his postconviction petition plus 364 days following the conclusion of state postconviction proceedings. The petition is therefore untimely by approximately six months.

Petitioner asserts that he is entitled to equitable tolling because his lawyer misunderstood the proper statute of limitations date. Equitable tolling, however, is an "extraordinary remedy" that is rarely granted. *See Obriecht v. Foster,* 727 F.3d 744, 748 (7th Cir. 2013); *see also Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Equitable tolling is available only if a petitioner presents evidence demonstrating that (1) "extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition," and that (2) "he has diligently pursued his claim, despite the obstacle." *Holland v. Florida*, 130 S. Ct. 2549, 2559 (2010); *Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008); *see also Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (petitioner bears burden of showing entitlement to equitable tolling).

Mere attorney negligence does not justify a grant of equitable tolling. *Holland*, 130 S.Ct. at 2564; *see also Helton v. Sec'y, Dep't of Corrs.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (attorney's misinforming the petitioner as to the deadline for filing his habeas petition does not constitute extraordinary circumstances warranting equitable tolling). Presently before the Court is "a garden variety claim of excusable neglect . . . , such as a simple miscalculation that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564 (citations omitted). Because the Supreme Court specifically addressed the exact issue that is presently before the Court, our inquiry is over and there is no need to address whether Petitioner diligently pursued his claim.

Petitioner's lawyer's negligence in failing to file the petition is certainly not laudable, but it is not the kind of mistake which equates to abandonment or otherwise rises to the level of extraordinary circumstances sufficient to toll the statute of limitations. *See, e.g.*, *Ryder v. Sec'y Dep't of Corr.*, *521 Fed.Appx. 817*, 2013 WL 2451041 (11th Cir. June 6, 2013) (No. 12–13593) (attorney negligence in missing deadline does not constitute abandonment). Because equitable tolling is not warranted here, I am dismissing this petition as untimely under the provision of 28 U.S.C. § 2244(d)(1).

## II.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters final judgment adverse to a habeas petitioner. To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must

demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a habeas petition is denied on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. *Id.* at 484–85. Here, no reasonable jurist would find it debatable whether Petitioner is entitled to relief under 28 U.S.C. § 2254 because this petition is clearly time-barred. Accordingly, I decline to issue a certificate of appealability.

## CONCLUSION

Because this petition for writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)(1), I am dismissing it and declining to issue a certificate of appealability.

ENTER:

James B. Zagel
United States District Judge

DATE: July 14, 2015